UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE MARIE SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY LUKE, et al.,<br><br>Defendants. | Case No. 19-cv-00139-VKD<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(A)** |

Pro se plaintiff Joyce Marie Simmons, a federal prisoner, filed this civil rights action under *Bivens v. Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against prison officials at the Federal Correctional Institution in Dublin, California ("FCI-Dublin") for allegedly violating her constitutional rights. Dkt. No. 1.

## I. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 535 F.3d 750, 757 (9th Cir. 2003).

The case of *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 396 (1971), "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any

statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). The Supreme Court has recognized a *Bivens* claim in only three cases: *Bivens* (Fourth Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (Fifth Amendment Due Process Clause gender discrimination); and *Carlson v. Green*, 446 U.S. 14, 17–19 (1980) (Eighth Amendment inadequate medical treatment). "These three cases—*Bivens*, *Davis*, and *Carlson*— represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). The Supreme Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and such a remedy will not be available if there are "'special factors' counseling hesitation in the absence of affirmative action by Congress." *Id.* at 1848 (citation omitted).

The only relief available in a *Bivens* action is an award of money damages for injuries caused by a defendant acting in his or her individual capacity. *Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093–96 (9th Cir. 2016). A federal court lacks subject matter jurisdiction over a *Bivens* suit that seeks only equitable relief. *Id.* at 1095 (citing *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007)).

## II. DISCUSSION

Ms. Simmons is incarcerated at FCI-Dublin where the events underlying this action arose. Ms. Simmons claims that during the week of September 22, 2017, defendant Unit Manager Kimberly Luke approved and issued to her a "khaki" jumper dress even though Ms. Simmons was housed at the "blue uniform camp." Dkt. No. 1 at 5. Ms. Simmons claims that Ms. Luke was fully aware that the color of the uniform identifies the inmates with the facility in which they are housed. *Id.* at 6. Specifically, the "khaki color uniform is for the low-level inmates [convicted] of various violent crimes, housed at the enclosed facility, surrounded by barbwire fence, which is adjacent to the satellite prison camp, which has the designated color blue." *Id.*

Ms. Simmons first became aware of a risk to her safety on October 4, 2017, when defendants Mr. Hilliard[1] and Correctional Officer Ashley Phillips confronted her about wearing

---

[1] Mr. Hilliard's first name is not given in the complaint. *See* Dkt. No. 1 at 3.

2

the khaki jumper dress. *Id.* at 7. Ms. Simmons was asked if she had a memo to wear the khaki jumper dress, as no memo had been issued or left in the officer's station by Ms. Luke. *Id.* Ms. Simmons alleges that Mr. Hilliard "was so close to my face yelling that moisture from his mouth went into my face." *Id.* Ms. Simmons claims she was traumatized by the encounter, as she was rendered "completely breathless, speechless, numb, shocked, hurt, terrified, humiliated, and almost reduced to tears." *Id.* Ms. Simmons says she was not argumentative or confrontational and did not act in a disorderly manner. *Id.* The very next day, another officer informed Ms. Simmons that if she had gone outside with the khaki jumper dress, perimeter officers could have fired on her thinking she was attempting to escape. *Id.* Ms. Simmons claims that her "entire body was overwhelmed with fear for [her] safety, well-being and life." *Id.* Ms. Simmons claims Ms. Luke knew when she provided the khaki jumper dress to Ms. Simmons that wearing it would subject Ms. Simmons to a substantial risk of harm, and Ms. Luke was deliberately indifferent to that risk. *Id.* at 6. Ms. Simmons claims she sustained the following injuries due to defendants' unlawful conduct: "[h]umiliation, embarrassment, shock/terrified, and mental suffering." *Id.* at 9. Ms. Simmons seeks "actual damages and/or punitive damages" for Ms. Luke's violation of her Eighth Amendment right to safety. *Id.* at 9; *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the complaint states a viable Eighth Amendment claim under *Ziglar* against Ms. Luke. There is a question whether Ms. Simmons may proceed with her claim if she seeks redress solely for mental and emotional injury in view of 42 U.S.C. § 1997e(e), which states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." However, the question of whether section 1997e(e) applies to claims involving constitutional violations without an accompanying physical injury has not been resolved in the Ninth Circuit, and there is a split among the Courts of Appeals in other circuits. *See Aref v. Lynch*, 833 F.3d 242, 262–65 (D.C. Cir. 2016) (discussing circuit split). Ms. Simmons does not plead physical injury. The Court will not dismiss her claim against Ms. Luke on this basis at this stage of the case. However, if she wishes, Ms. Simmons may amend her complaint to allege physical injury if she can do so in good faith, or she may

amend her demand for a different form of relief, i.e., other compensatory damages, nominal damages, or punitive damages, for the Eighth Amendment violation.

With respect to the claims against Officer Phillips and Mr. Hilliard, Ms. Simmons's allegations regarding their verbal confrontation with her fail to state a claim on which relief may be granted, because verbal harassment and abuse are not cognizable violations of any right secured by the Constitution. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see*, *e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment). Accordingly, the claim against Officer Phillips and Mr. Hilliard does not state a claim for relief. In the interest of justice, Ms. Simmons shall be granted leave to amend to attempt to state a cognizable claim against these defendants.

Ms. Simmons also names Associate Warden Tamara Mischel as a defendant in this action, alleging that Associate Warden Mischel was the acting warden at the time and authorized or approved the khaki jumper dress. Dkt. No. 1 at 2. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A plaintiff must plead that an individual defendant, through his or her own conduct, has violated the constitution. *Id.* at 676–77 (rejecting theory of "supervisory liability" premised on an official's knowledge of and acquiescence in his subordinate's unconstitutional conduct). Here, Ms. Simmons makes only cursory allegations against Associate Warden Mischel, and it is not clear from the complaint whether she contends that Associate Warden Mischel engaged in any personal misconduct. Dkt. No. 1 at 5–8. In the interest of justice, Ms. Simmons shall be granted leave to file an amended complaint to attempt to state facts sufficient to support a claim against Associate Warden Mischel.

## IV. CONCLUSION

For the foregoing reasons, after screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the complaint as pled fails to state a claim as to all defendants. Ms. Simmons

may file an amended complaint to attempt to correct the deficiencies discussed above by no later than **May 31, 2019**. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-00139 VKD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Ms. Simmons must answer all the questions on the form in order for the action to proceed.

Ms. Simmons is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Ms. Simmons fails to file an amended complaint by May 31, 2019, or the amended complaint fails to cure all defects described above, the Court will issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in part for the reasons described above.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Ms. Simmons.

**IT IS SO ORDERED.**

Dated: May 3, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge